CHARLES D. BOURCIER *vs.* ROGER W. ROBINSON.

Worcester.    April 13, 1942. — June 1, 1942.

Present: FIELD, C.J., LUMMUS, DOLAN, COX, & RONAN, JJ.

*Mortgage,* Of real estate: foreclosure. *Equity Jurisdiction,* Foreclosure of mortgage.

No error appeared in the dismissal of a bill in equity seeking to enjoin foreclosure of a mortgage of real estate where findings by a master showed that the defendant had received an assignment of the mortgage in good faith and for a good consideration at a time when, to his knowledge, the principal and interest thereon were overdue, and that a claim of the plaintiff for a set-off of damages was unfounded.

BILL IN EQUITY, filed in the Superior Court on June 17, 1941.

Material averments in the bill were, in substance, that the plaintiff had received "from the estate of" Anna D. Parker a deed of certain property called "the Dunn Farm"

for cash and a note secured by a mortgage running to the heirs at law of Anna; that later, after he had made an agreement to sell part of the farm, he was advised that there was a question whether certain parts of the farm were included in the description in said deed; that he sought a confirmatory deed from the heirs; that, while he was doing so, the defendant "with full notice and knowledge of the obligation upon the part of the said heirs to execute a confirmatory deed to said plaintiff in the event that the original deed to him did not contain the whole of the Dunn Farm," secured from the heirs at law of Anna a deed of the farm and an assignment of the mortgage and had advertised a sale in foreclosure; and that the defendant was not a holder in due course of the mortgage note. There was the following paragraph numbered 9: "The plaintiff is willing to pay whatever amount may be found to be due upon said mortgage and note after set-offs for damages suffered and after all the matters now in controversy herein enumerated have been determined. The foreclosure of said mortgage should be enjoined pending such determination."

The prayers of the bill were for a preliminary order restraining the foreclosure; for an account to "determine the amount due on said mortgage and note allowing all proper set-offs for damages and that the foreclosure or transfer of same be enjoined until such time as this and the other matters in controversy shall have been determined; said amount shall in no event be more than the amount by which defendant secured it"; a determination "that the plaintiff is the owner of the whole of the Dunn Farm" and an injunction against the defendant's asserting any claim thereto based on the deed from the heirs of Anna D. Parker; that the foreclosure be permanently enjoined; that, if the court should determine that "certain portions" of the Dunn Farm were not included in the deed to the plaintiff from the "estate" of Anna D. Parker, the defendant be ordered to convey to the plaintiff "all his interest in the Dunn Farm acquired by deeds from" the heirs at law of Anna D. Parker; and that damages due the plaintiff from the defendant be determined.

The master found that the parties agreed that the deed from the administratrix of the estate of Anna D. Parker and the mortgage back to those who were her heirs at law "covered all the tracts contained in the Dunn Farm." Further material findings other than those stated in the opinion were that the plaintiff had "good title . . . to all the property involved by reason of the conveyance to him" by the administratrix; that the defendant did not know that the plaintiff was seeking a clear title from the heirs until "after foreclosure proceedings had been started"; that the defendant purchased the mortgage note and assignment of mortgage, "together with the quitclaim deeds [from the heirs] in good faith and for a good consideration"; that the principal and interest of the note, to the defendant's knowledge, were then overdue; and that the plaintiff was not entitled to damages.

Interlocutory decrees overruling exceptions of the plaintiff to the master's report and confirming the report, and a final decree dismissing the bill were entered by order of *Hammond*, J. The plaintiff appealed.

In this court, the case was submitted on briefs.

*A. W. Mitchell*, for the plaintiff.

*H. H. Hartwell & J. F. Driscoll*, for the defendant.

LUMMUS, J. The following facts appear in a master's report. The principal part of the property in question consisted of John Dunn's farm. John Dunn died in 1849, leaving three children, George, Sarah and Edwin. In addition to his third share of the farm, George acquired from third persons in 1857 three parcels across the road from the John Dunn farm. Edwin's third share of the farm passed by deed to George in 1849. In 1899, Sarah died, leaving her share to George. Since George was then dead, Sarah's share passed to his only child Anna. R. L. (1902) c. 135, § 21 (G. L. [Ter. Ed.] c. 191, § 22). Edwin had in 1894 given to one John B. Scott a deed purporting to convey John Dunn's farm, but apparently it conveyed nothing. Whether it did or not is unimportant, for in 1913 John B. Scott conveyed the same premises to George's only daughter Anna. Thus Anna, who by marriage had become Anna

Dunn Parker, was at the time of her death in 1921 possessed of the entire property in question.

Irene Parker, as administratrix of the estate of Anna Dunn Parker, conveyed the entire property in question under license of the Probate Court to the plaintiff Charles D. Bourcier in 1930. In consideration, Bourcier paid $2,000 and gave a mortgage back to the heirs of Anna Dunn Parker, namely, Irene Parker, Theodora Parker and Miriam Parker Ray, for $4,500. Later the defendant, Roger W. Robinson, acquired from them all their interest in the mortgage and farm. He proceeded to foreclose the mortgage, as he had a right to do because of non-payment of the principal. He was the owner of the mortgage, and could not be permanently restrained from foreclosing it. Any temporary restraint was ended by the entry of a final decree dismissing the bill. There was no error in that final decree, and on the plaintiff's appeal it must be affirmed.

The plaintiff filed eight exceptions to the master's report. The interlocutory decree confirming that report was properly entered, since all the exceptions were either immaterial or plainly unsound. The question of recommittal of the report was within the discretion of the court.

*Interlocutory decrees affirmed.*
*Final decree affirmed, with costs.*